Certain Underwriters at Lloyd's, London v NL Indus., Inc. (2022 NY Slip Op 02056)





Certain Underwriters at Lloyd's, London v NL Indus., Inc.


2022 NY Slip Op 02056


Decided on March 24, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 24, 2022

Before: Gische, J.P., Kern, Moulton, Kennedy, Rodriguez, JJ. 


Index No. 650103/14 Appeal No. 15282 Case No. 2021-00241 

[*1]Certain Underwriters at Lloyd's, London et al., Plaintiffs-Appellants,
v
NL Industries, Inc., Defendant-Respondent, Ace American Insurance Company et al., Defendants-Appellants, Certain London Market Insurance Companies, Nominal Defendants-Appellants.


O'Melveny & Myers LLP, Washington, DC (Jonathan D. Hacker of the bar of the District of Columbia, admitted pro hac vice, of counsel), and Zuckerman Spaeder LLP, New York (Carl S. Kravitz of counsel), for appellants.
Law Offices of Joel L. Herz, New York (Joel L. Herz of counsel), for respondent.



Order, Supreme Court, New York County (Andrea Masley, J.), entered on or about December 29, 2020, which denied the insurers' motion for summary judgment declaring that there is no coverage under the commercial general liability insurance policies issued to defendant NL Industries, Inc. for its liability for representative public nuisance in the underlying action in Santa Clara, California, unanimously affirmed, without costs.
In 2000, Santa Clara County and other California municipalities filed an action against, among others, NL, as manufacturer and promoter of Dutch Boy lead paint, asserting, as relevant here, a claim for "representative public nuisance" under California law (see County of Santa Clara v Atlantic Richfield Co., 137 Cal App 4th 292, 299, 304-305, 40 Cal Rptr 3d 313, 320, 324 [Cal App 2006]). The complaint alleged that NL purposefully promoted lead paint for use inside homes with actual knowledge that this was a dangerous use that would poison and seriously harm children and result in a public health hazard/nuisance. After a trial of that claim, NL and others were found liable and ordered to abate the nuisance by paying into an abatement fund.
After the judgment was, to the extent relevant here, affirmed on appeal (People v ConAgra Grocery Prods. Co., 17 Cal App 5th 51, 227 Cal Rptr 3d 499 [Cal App 2017], cert denied __ US __, 139 S Ct 377 [2018]), the insurers brought this declaratory judgment action pursuant to CPLR 3001 for a declaration that no coverage obligation was owed to NL for the Santa Clara abatement. Supreme Court correctly denied their ensuing motion for summary judgment.
The court correctly rejected the insurers' argument that the rulings in the Santa Clara action mandated the conclusion that NL's creation of the public health hazard by promoting lead paint use in homes constituted knowing and intentional conduct uninsurable under public policy and the terms of the policies. The Santa Clara courts found that NL's liability for the public nuisance was premised on actual knowledge of "the hazard" that the interior use of lead paint would create, as the product was one that NL "knew to be hazardous," since NL had "actual knowledge of the hazards of lead paint" and "knew" that it would deteriorate and cause serious injury. However, they also found that NL's acts "posed a serious risk of harm" or "significant risks of harm" that would "pose a public health hazard." That is not a clear finding that NL either expected or intended to harm any person or property (see Union Carbide v Affiliated FM Ins. Co., 101 AD3d 434 [1st Dept 2012]; Sherwin-Williams Co. v Certain Underwriters at Lloyd's London, 2020 Ohio Misc LEXIS 802 [Ohio Ct Common Pleas, Dec. 3, 2020]; but see Certain Underwriters at Lloyd's of London v ConAgra Grocery Prods. Co., 2020 WL 3096821 [Cal Super, Feb. 26, 2020]).
The court correctly rejected the insurers' argument that there could be no coverage because the settlement payment to the abatement fund on [*2]the public nuisance claim did not constitute liability for "damages" or expenses under the policies and New York law. The courts in the Santa Clara action, in the context of rejecting the argument that the settlement order was invalid, made clear that the abatement payment did not compensate losses and was designed solely to prevent future public-health harms from lead paint remaining inside private homes. However, the issue before Supreme Court was whether the payment for this prospective remedy constituted covered damages for insurance recovery purposes, and, in that context, the court correctly reasoned that the abatements payments, under the facts before it, had a compensatory effect, which qualified them as damages under the applicable law and insurance policies.
Disagreeing with the decision in Millennium Holdings LLC v Lumbermens Mut Cas Co (2013 WL 12344184 [Ohio Ct Common Pleas, Aug. 8, 2013]), the court correctly rejected the insurers' argument that there can be no insurance recovery by parties found liable for representative public nuisance who are required to make payments into an abatement fund because their liability is not imposed "for," "because of," or "on account of" "property damage" or "bodily injury," as required under the insurance policies. The
nuisance liability is based on the widespread bodily injury/property damage that the hazard of lead paint in homes caused and continues to cause. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 24, 2022